SO ORDERED: December 28, 2011.



Anthony J. Metz III
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SD OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SCOTT WILSON | ) | CASE NO. 09-16910 |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| SCOTT WILSON | ) | Adv. Proc. 11-50138 |
| Plaintiff, | ) | |
| Vs. | ) | |
| WASSON NURSERY, INC. | ) | |
| Defendant. | ) | |

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW
REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON COUNT 1 (FIRST CLAIM) OF PLAINTIFF'S COMPLAINT**

The Plaintiff filed its "Complaint Seeking Damages in Non-Core Adversary

Proceeding for Violation of the Discharge Injunction and State and Federal Laws" on

1

May 10, 2011. The Complaint alleged three claims: (1) willful violation of the discharge injunction; (2) violation of the Fair Debt Collection Practices Act; and (3) Additional Violation of the FDCPA. The Plaintiff filed its Motion for Summary Judgment with respect to the first claim, the alleged willful violation of the discharge injunction. Hearing on that motion and the response filed by the Defendant was held on December 14, 2011 wherein the Plaintiff appeared by counsel, John B. LaRue; the Defendant appeared by counsel, Tara M. Smalstig. After consideration of the motion, the response, and the arguments presented in the December 14th hearing, the Court granted the Plaintiff's motion for summary judgment with respect to the willful violation of the discharge injunction and scheduled a trial on damages to be held at a later date. The Court now enters its written findings of fact and conclusions of law, pursuant to Rules 7052 and 7056 of the Federal Rules of Bankruptcy Procedure.

## FINDINGS OF FACT

1. The Plaintiff, Scott Wilson (Wilson), filed a voluntary petition for bankruptcy under Chapter 7 on or about November 18, 2009.

2. An Order in No Asset was entered in Wilson's case by this Court on January 29, 2010.

3. A Discharge Order was entered in Wilson's case by this Court on March 2, 2010.

4. The Defendant, Wasson Nursery, Inc. (Wasson) obtained from the Randolph County Superior Court (the "State Court") a default judgment against the Plaintiff pre petition. This debt was not listed in Wilson's petition and schedules.

5. On January 14, 2011 Wasson, by and through counsel, did file a Verified Motion for Proceeding Supplemental in state court seeking to collect upon its judgment against Wilson.

2

6. On or about January 20, 2011 Wilson forwarded by telefacsimile to Wasson's legal counsel notice of his bankruptcy discharge.

7. On March 10, 2011 Wilson, by and through counsel, did file notice of Wilson's bankruptcy and discharge with the State Court, a copy of which was directed to all parties and counsel of record.

8. On March 21, 2011 Wasson did file a response to Wilson's notice asserting that said Notice was of no consequence to the court and further seeking attorney fees and costs associated with the filing of said response.

9. On March 21, 2011 Wasson further filed a Petition for Citation as to Wilson's employer as Garnishee Defendant.

10. On March 22, 2011 Wilson, by and through counsel, did forward correspondence to Wasson's counsel seeking dismissal of the State Court case and further placed Wasson on notice that further collection efforts would be considered a violation of 11 U.S.C. §524.

11. On March 29, 2011 Wasson, by counsel, did respond to the March 22, 2011 correspondence stating that they were within their rights to continue collection from Wilson since they were not listed as a creditor in his bankruptcy.

12. On May 6, 2011 Wilson's counsel did enter an appearance in the state court case seeking a continuance of the scheduled hearing upon proceedings supplemental.

13. On May 10, 2011 Wilson did file this adversary proceeding.

14. Numerous hearings on the state court action were continued until the judgment against Wilson was dismissed on December 2, 2011.

**CONCLUSIONS OF LAW**

1. Sections 524(a)(2) and (3) [1] generally provide that a discharge operates as an injunction against the commencement or continuation of an action to collect a debt that has been discharged as a result of the debtor's bankruptcy.  See, *In re Smith*, 582 F.3d 767, 771-72 (7th Cir. 2009); *In re Kuehn*, 563 F.3d 289, 291 (7th Cir. 2009).

2. The scope of a chapter 7 discharge is found in Section 727.  Generally, a discharge under chapter 7 discharges all debt that arose before the date of the order for relief except as provided in Section 523.  Nothing in Section 727 limits a discharge to only those debts that were listed in the debtor's schedules and therefore, if such a qualification exists, it must be found in Section 523.

3. Section 523(a)(3) pertains to the dischargeability of debts that were not scheduled.  Unscheduled debts are not discharged if (1) they were not scheduled in time to allow the timely filing of a proof of claim or (2) are of a kind specified in Sections 523(a)(2), (4) or (6) and the creditor was not notified of the bankruptcy in order to file a timely request for determination of dischargeability.

4. Here, Wilson's chapter 7 case was a "no asset" case and thus, the "right" to file a proof of claim is "meaningless and worthless" because there are no assets from which a distribution to creditors can be made and thus no reason to file a claim.  See, *In re Karras*, 165 B.R. 636, 638 (N.D. Ill. 1994).  Nor does Wasson allege that the debt owed to it

---

[1] All section references are to the Bankruptcy Code (Title 11) unless otherwise specified.

4

        is of a kind specified in Sections 523(a)(2), (4) or (6). Therefore, the debt owed to Wasson does not fall under the narrow confines of Section 523(a)(3), and the mere fact that it was not scheduled – without more – is insufficient for it to be held nondischargeable. *In re Turner*, 2009 WL 3013615 (Bankr. S. D. Ind.) at *3; *In re Hier*, Case No. 02-1629 (June 19, 2003).

5. Having determined that the debt owed to Wasson was discharged, any attempt to collect it violates the discharge injunction provided for in Section 524(a)(2) and (3). Whether Wasson shall be held in contempt depends on whether its violation of the discharge injunction was wilful. See, *In re McCool*, 446 B.R. 819, 823 (Bankr. N. D. Ohio 2010). A wilful violation of the discharge injunction requires no specific intent as the inquiry is whether the creditor's actions were intentional despite having knowledge of the discharge injunction. *Id.* A debtor may recover damages, including reasonable attorney fees, for a creditor's wilful violation of the discharge injunction. *Id*.

6. Wasson took actions to collect a discharged debt subsequent to receiving on January 20, 2011 notice of Wilson's bankruptcy discharge. Wasson also filed its Petition for Citation as to Wilson's employer as garnishee defendant after Wilson filed a notice of his bankruptcy and discharge in the State Court action. There is no doubt that Wasson's violation of the discharge injunction was wilful. However, the Court will determine at a later date the damages arising from Wasson's wilful violation of the discharge injunction. Therefore, a trial to determine damages, as well as on the remaining counts of Wilson's complaint, will be held on March 7, 2012 at 1:30 p.m.

**# # #**

Distribution:
John B. LaRue, Attorney for the Plaintiff
Tara M. Smalstig, Attorney for the Defendant